**FILED**
**FEBRUARY 5, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NAUMAN NOOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| CACV, LLC, | ) | **08 C 775** |
| and | ) | |
| FAIR COLLECTIONS & OUTSOURCING, | ) | |
| | ) | **JUDGE GETTLEMAN** |
| Defendant. | ) | **MAGISTRATE JUDGE COX** |

## COMPLAINT

NOW COMES the Plaintiff, NAUMAN NOOR, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., complaining against the Defendants, CACV, LLC and FAIR COLLECTIONS & OUTSOURCING, and alleging as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, et seq.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

### PARTIES

3. Plaintiff, Nauman Noor, ("Plaintiff"), is an individual who was at all relevant times residing in the City of Hoffman Estates, State of Illinois.

4. At all relevant times herein, Defendant, CACV, LLC, ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to MBNA Consumer Finance. Defendant

is a corporation that has its principal place of business and its offices located in Denver, Colorado.

5.      At all relevant times herein, Defendant, Fair Collections & Outsourcing, ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to Four Lakes 3 & 4 Equity.  Defendant is a corporation that has its principal place of business and its offices located in Beltsville, Maryland.

## COUNT ONE
## VIOLATIONS OF THE FDCPA v. CACV, LLC

6.      Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

7.      Defendant began collection of the aforementioned debt in part by placing the debt on Plaintiff's credit report.

8.      In July of 2007, Plaintiff submitted a written dispute to one or more credit reporting agencies regarding the account, or trade-line, reported by Defendant.

9.      Upon information and belief, within five (5) days of Plaintiff notifying said credit reporting agencies, said agencies notified Defendant of the Plaintiff's dispute and the nature of the dispute.

10.     However, Defendant disseminated credit report information regarding the account and as in collections and failed to report that the account is currently disputed by Plaintiff.

11.     Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

    a.      Communicated or threatened to communicate to any person credit information which is known or which should be known to be false,

including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8); and

b.    Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

12.    As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

## COUNT TWO
## VIOLATIONS OF THE FDCPA v. FAIR COLLECTIONS & OUTSOURCING

13.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

14.    Defendant began collection of the aforementioned debt in part by placing the debt on Plaintiff's credit report.

15.    In July of 2007, Plaintiff submitted a written dispute to one or more credit reporting agencies regarding the account, or trade-line, reported by Defendant.

16.    Upon information and belief, within five (5) days of Plaintiff notifying said credit reporting agencies, said agencies notified Defendant of the Plaintiff's dispute and the nature of the dispute.

17.    However, Defendant disseminated credit report information regarding the account and as in collections and failed to report that the account is currently disputed by Plaintiff.

18.    Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 in one or more of the following ways:

b.    Communicated or threatened to communicate to any person credit information which is known or which should be known to be false,

including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8); and

b.  Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

19.  As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, NAUMAN NOOR, by and through his attorneys, respectfully prays for judgment as follows:

a.  All actual compensatory damages suffered;

b.  Statutory damages of $1,000.00 for Plaintiff;

c.  Plaintiff's attorneys' fees and costs;

d.  Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY ***

Respectfully Submitted,
**NAUMAN NOOR**

By:  s/Larry P. Smith
      Attorney for Plaintiff

LARRY P. SMITH & ASSOCIATES, LTD.
Attorneys for Plaintiff
205 N. Michigan Ave., 40th Floor
Chicago, Illinois 60601
(312) 222-9028
(312) 602-3911