IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NAUMAN NOOR, <br><br> Plaintiff, <br><br> v. <br><br> CACV, LLC, <br> and <br> FAIR COLLECTIONS & OUTSOURCING, <br><br> Defendant. | Case No. 08 C 775 <br><br> Judge: Gettleman |

## ANSWER TO COMPLAINT

Defendant, Fair Collections & Outsourcing, Inc. ("Fair Collections") by and through its attorneys, David M. Schultz and Nabil G. Foster with Hinshaw & Culbertson LLP, states the following for its answer to Plaintiff's Complaint:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, et seq.

**ANSWER:** Fair Collections admits that the Plaintiff filed an action seeking damages under the FDCPA, but denies that Plaintiff has any claim herein.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq.

**ANSWER:** Fair Collections admits that this Court generally has jurisdiction over claims arising under 28 U.S.C. § 1331 and 15 U.S.C. § 1692, but denies that Plaintiff has any such claim herein. Further, Fair Collections admits that generally venue would be proper, but denies that Plaintiff has any claim herein.

## PARTIES

3.  Plaintiff, Nauman Noor, ("Plaintiff"), is an individual who was at all relevant times residing in the City of Hoffman Estates, State of Illinois.

**ANSWER:** Fair Collections is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 3 of Plaintiff's Complaint and, therefore, denies the same for the present time.

4.  At all relevant times herein, Defendant, CACV, LLC, ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to MBNA Consumer Finance. Defendant is a corporation that has its principal place of business and its offices located in Denver, Colorado.

**ANSWER:** This paragraph is not directed against Fair Collections. Fair Collections is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 4 of Plaintiff's Complaint and, therefore, denies the same for the present time.

5.  At all relevant times herein, Defendant, Fair Collections & Outsourcing, ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to Four Lakes 3 & 4 Equity. Defendant is a corporation that has its principal place of business and its offices located in Beltsville, Maryland.

**ANSWER:** Fair Collections admits that it is a debt collector, that it was retained to collect a debt owed to Four Lakes 3 & 4 Equity and that its principle place of business is Beltsville Maryland. Fair Collections denies any remaining allegations in paragraph 5.

## COUNT ONE
## VIOLATIONS OF THE FDCPA V. CACV, LLC

6.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**   Fair Collections incorporates its answers to paragraphs 1-5 as its responses to paragraphs 1-5 of Count One.

7.   Defendant began collection of the aforementioned debt in part by placing the debt on Plaintiff's credit report.

**ANSWER:**   This paragraph is not directed against Fair Collections. Fair Collections is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same for the present time.

8.   In July of 2007, Plaintiff submitted a written dispute to one or more credit reporting agencies regarding the account, or trade-line, reported by Defendant.

**ANSWER:**   This paragraph is not directed against Fair Collections. Fair Collections is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same for the present time.

9.   Upon information and belief, within five (5) days of Plaintiff notifying said credit reporting agencies, said agencies notified Defendant of the Plaintiff's dispute and the nature of the dispute.

**ANSWER:**   This paragraph is not directed against Fair Collections. Fair Collections is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 9 of Plaintiff's Complaint and, therefore, denies the same for the present time.

10.   However, Defendant disseminated credit report information regarding the account and as in collections and failed to report that the account is currently disputed by Plaintiff.

**ANSWER:** This paragraph is not directed against Fair Collections. Fair Collections is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 10 of Plaintiff's Complaint and, therefore, denies the same for the present time.

11. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

    a. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8); and

    b. Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

**ANSWER:** This paragraph is not directed against Fair Collections. Fair Collections is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 11, including subparagraphs a. and b., of Plaintiff's Complaint and, therefore, denies the same for the present time.

12. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

**ANSWER:** This paragraph is not directed against Fair Collections. Fair Collections is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same for the present time.

**COUNT TWO**
**VIOLATIONS OF THE FDCPA V. FAIR COLLECTIONS & OUTSOURCING**

13. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:** Fair Collections incorporates its answers to paragraphs 1-12 as its responses to paragraphs 1-12 of Count Two.

14. Defendant began collection of the aforementioned debt in part by placing the debt on Plaintiff's credit report.

**ANSWER:** Fair Collections admits that it reported the debt to a credit bureau. Fair Collections denies the remaining allegations of Paragraph 14 of Plaintiff's Complaint.

15. In July of 2007, Plaintiff submitted a written dispute to one or more credit reporting agencies regarding the account, or trade-line, reported by Defendant.

**ANSWER:** Fair Collections is without knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 15 of Plaintiff's Complaint and, therefore, denies the same for the present time.

16. Upon information and belief, within five (5) days of Plaintiff notifying said credit reporting agencies, said agencies notified Defendant of the Plaintiff's dispute and the nature of the dispute.

**ANSWER:** Fair Collections admits that it received notice of a dispute from a credit bureau. Fair Collections is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same for the present time.

17. However, Defendant disseminated credit report information regarding the account and [sic] as in collections and failed to report that the account is currently disputed by Plaintiff.

**ANSWER:** Fair Collections denies the allegations of paragraph 17.

18. Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

6301732v1 886202

a. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §I692e(8); and

b. Was otherwise deceptive and failed to comply with the Fair Debt Collection Practices Act.

**ANSWER:** Fair Collections denies the allegations of paragraph 18, including subparagraphs a. and b.

19. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

**ANSWER:** Fair Collections denies the allegations of paragraph 19.

WHEREFORE, Defendant, Fair Collections & Outsourcing, Inc. prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

Respectfully submitted,

Date: April 3, 2008                        FAIR COLLECTIONS & OUTSOURCING, INC.

By:  s/ Nabil G. Foster
     One of Defendant's Attorneys

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
                nfoster@hinshawlaw.com

## CERTIFICATE OF SERVICE

  I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of the **ANSWER TO COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, before the hour of 4:00 p.m., messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this 3rd day of April, 2008.

| | | |
|---|---|---|
| _X_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | Mr. Larry Smith |
| ___ | Federal Express | Larry P. Smith & Associates, Ltd. |
| ___ | Mail | 205 N. Michigan Ave. |
| ___ | Messenger | 40th Floor |
| | | Chicago, IL 60601 |

                s/Nabil G. Foster
                One of Its Attorneys

David M. Schultz (Atty. No. 6197596)
Nabil G. Foster (Atty. No. 6273877)
Attorneys for Defendant
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601-1081
Phone No: (312) 704-3000
Fax No: (312) 704-3001
E-mail Address: dschultz@hinshawlaw.com
        nfoster@hinshawlaw.com